UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARMON J BROWN,

        Plaintiff,

  v.                                      Case No. 23-cv-1620-bhl

HOME STATE BANK,

        Defendant.

## SCREENING ORDER

On December 1, 2023, Armon J. Brown, proceeding *pro se*, filed a complaint against Home State Bank (HSB) alleging violations of the Federal Reserve Act. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Brown's IFP request provides no details about his financial circumstances. He does not state whether he is employed or married. (ECF No. 2 at 1.) He claims, without specifics, that he has no income or expenses, no assets, and provides no additional information about his financial circumstances. (*Id.* at 2–4.) Based solely on his generic assertions and without any meaningful information about his financial situation, the Court cannot find him indigent. Accordingly, Brown's motion to proceed IFP will be denied, but without prejudice. The Court will allow Brown the opportunity to refile his motion with detailed information concerning his assets, monthly income, and monthly expenses so that the Court may assess his indigency. If Brown chooses to refile, he should be clear, accurate, and detailed in the information he provides.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

In his complaint, Brown alleges that he "entered a consumer credit transaction with Home State Bank and did not receive equal consideration." (ECF No. 1 at 2.) He further claims that he "gave Home State Bank a collateral security accompanied with the proper tender pursuant to the Federal act section 16 par 2 on [October 18, 2023] . . . ." (*Id.*) Brown alleges he waited five business days, but HSB failed to respond. (*Id.*) He then mailed the bank two additional "notice[s] of claim to interest." (*Id.* at 2–3.) HSB responded to Brown's third correspondence with "a letter denying [his] right to credit and [his] securities." (*Id.* at 3.)

Brown asserts that he is suing for a violation of federal law under 28 U.S.C. § 1331. (*Id.* at 4.) He believes HSB's denial constitutes "a violation of Federal Reserve Act Section 29 a, b, and c." (*Id.* at 3.) He requests to "opt in to tier c each day the violation occurred and continues." (*Id.*) Brown also requests that his denial be reversed and that he receives the line of credit he applied for. (*Id.* at 4.) Finally, Brown alleges that HSB's alleged violation "has been hindering [him] from pursuing [his] life, liberty, and pursuit of happiness." (*Id.* at 3.)

## ANALYSIS

Brown's allegations are insufficient to state a claim against HSB. As stated above, a complaint satisfies Federal Rule of Civil Procedure 8(a) when it provides a "short and plain statement of the claim showing that the pleader is entitled to relief" and provides a defendant with "fair notice" of the claim. *Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), Brown must still plead facts sufficient to put HSB on notice of any claims against it. Because Brown's allegations are too vague for the Court to discern the nature of his claims against HSB, his complaint will be dismissed.

Brown's factual allegations suggest he attempted to obtain a line of credit from HSB but was denied. (*See* ECF No. 1 at 2–3.) This suggests Brown's dispute is related to consumer finance, though exactly how he believes he was wronged is unclear. But Brown hasn't alleged that HSB violated any laws relating to consumer financial transactions. Instead, he alleges several violations of Section 29 of the Federal Reserve Act. (*Id.* at 3.) While Section 29 of the Act provides for civil penalties for Federal Reserve member banks that violate various provisions of the Act, those provisions are unrelated to consumer financial transactions. *See* 12 U.S.C § 504 (authorizing monetary penalties against banks which violate various provisions of the Act unrelated to consumer finance). Brown also appears to invoke Section 16, Paragraph 2 of the Act, which describes the application process for Federal Reserve banks to provide collateral in exchange for Federal Reserve notes. (*See* ECF No. 1 at 2); 12 U.S.C. § 412. Again, this statute is entirely unrelated to consumer finance and does not provide any rights to a private citizen.

The provisions of the Federal Reserve Act invoked by Brown cannot form the basis of a lawsuit against HSB based on the minimal facts he has alleged. And Brown has not suggested any other legal basis for his claims, nor are his factual allegations clear enough for the Court to infer any potential violation of federal law by HSB. Brown has provided only vague factual allegations

and he asserts claims only under statutes that appear to be wholly unrelated to those allegations. This is insufficient to state a claim.

Because Brown is acting without help from a lawyer, the Court will allow him the opportunity to file an amended complaint clarifying his allegations, describing plausible legal claims, and describing how he has been harmed. Brown is advised that his amended complaint must include the docket number assigned to this case and be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that Brown's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**, with leave to refile with more detailed information regarding his financial situation.

**IT IS FURTHER ORDERED** that, if Brown wishes to proceed with this lawsuit, he must file an amended complaint. The amended complaint must be filed with the Court on or before **January 5, 2024**. If the Court does not receive Brown's amended complaint by that date, the case will be dismissed for Brown's failure to prosecute pursuant to Civil L. R. 41(c).

Dated at Milwaukee, Wisconsin on December 5, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
